UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRUDY BURNS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1062** |
| **HOME DEPOT U.S.A., INC. and XYZ INSURANCE COMPANY** | **SECTION: T(3)** |

## ORDER

Before the Court is a Motion to Remand[1] filed by Trudy Burns ("Plaintiff"). Home Depot, U.S.A., Inc. ("Home Depot") has filed an opposition.[2] For the following reasons, the Motion to Remand[3] is **DENIED.**

## BACKGROUND

On July 11, 2019, Plaintiff was injured while shopping at the Home Depot store in Hammond, Louisiana. Plaintiff was a customer in the garden section and was loading cinder blocks onto a cart when without warning, the cinder blocks fell off a pallet and struck her. An employee of Home Depot, Maya Eberhard, was working in the area at that time. Eberhard was working in an adjacent aisle when she heard Plaintiff call for help and administered limited medical care to Plaintiff. On October 31, 2019, Plaintiff filed suit in the 21st Judicial District Court for the Parish of Tangipahoa. Home Depot removed the lawsuit to this Court on March 31, 2020 on the basis of diversity jurisdiction. Plaintiff filed a motion to amend her complaint to add Maya Eberhard as a defendant, which was denied.[4] Plaintiff also filed a motion to remand the case to state court contending that once she added Maya Eberhard as a defendant, the Court would no longer have

---

[1] R. Doc. 9.
[2] R. Doc. 17.
[3] R. Doc. 9.
[4] R. Doc. 20.

diversity jurisdiction. Because the Court denied Plaintiff's motion for leave seeking to add Maya Eberhard as a defendant in this case, the Court finds that diversity jurisdiction is present and will, therefore, deny Plaintiff's motion to remand.

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[5] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[6] A defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset.[7] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[8] 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." Remand is proper if at any time the Court lacks subject-matter jurisdiction.[9]

The Court finds that complete diversity is present. Plaintiff alleges in her Petition that she is, at the time of the filing of this action, a resident, domiciliary, and citizen of the State of Louisiana.[10] Defendant, Home Depot, was at the time of the filing of this action, a foreign corporation incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia. Plaintiff also named a fictitious defendant, XYZ Insurance in the Complaint, whose citizenship is disregarded for purposes of determining diversity jurisdiction.[11] Because the

---

[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[6] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[7] See 28 U.S.C. § 1441(a).
[8] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[9] 28 U.S.C. § 1447(c).
[10] R. Doc. 2.
[11] See 28 U.S.C.A. § 1441(b)(1).

Court denied Plaintiff's motion to amend the complaint to add non-diverse defendant, Maya Eberhard, the Court finds that complete diversity of citizenship is present.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Remand[12] is **DENIED**.

**New Orleans, Louisiana**, on this 5th day of August, 2020.

                        **GREG GERARD GUIDRY**
                        **UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 9.